IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA LEWIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1982-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Lewis seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including bilateral carpal tunnel syndrome, degenerative disk disease of the cervical and lumbar spine, tendonitis, carpometacarpal arthritis, a flexor sheath cyst, and degenerative joint disease in both hips and both knees. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on September 20, 2006. At the time of the hearing, plaintiff was 63 years old. She is a high school graduate, attended college for one year, and has past work experience as a hospital insurance representative. Plaintiff has not engaged in substantial gainful activity since she was injured in an automobile accident on December 10, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from carpal tunnel syndrome and cervical and lumbar spondylosis, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the Social Security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform the full range of sedentary work, including her past relevant work as a hospital insurance representative. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.

In two broad grounds for relief, plaintiff contends that: (1) substantial evidence does not support the finding that she has the residual functional capacity to perform the full range of sedentary work; and (2) the ALJ erred in finding that she can perform her past relevant work as a hospital insurance representative.

### A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize

the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the assessment of her residual functional capacity on the ground that the ALJ failed to develop the record by ordering a consultative examination to fully evaluate the limitations of her carpal tunnel syndrome. It is well-established that the ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Cornett v. Astrue*, 261 Fed.Appx. 644, 2008 WL 58822 at *2 (5th Cir. Jan. 3, 2008); *Ripley*, 67 F.3d at 557. This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (citing cases). When the

existing medical evidence is inadequate to make a disability determination, the Social Security regulations require the ALJ to develop the record by recontacting the claimant's medical sources or referring the claimant for a consultative examination. *See* 20 C.F.R. § 404.1512(e)-(f). Additional evidence or clarifying reports may be necessary when the medical opinion of a treating source appears lacking or inconsistent. *See* SSR 96-2p, 1996 WL 374188 at *4 (1996). However, a remand for further development of the record is appropriate only when the plaintiff establishes that the additional evidence might have led to a different decision. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (reversal appropriate only if claimant shows prejudice resulting from ALJ's failure to request additional information); *see also Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996), *quoting Kane*, 731 F.2d at 1220 (plaintiff must "show that he 'could and would have adduced evidence that might have altered the result'").

The gravamen of plaintiff's disability claim is that the pain caused by her carpal tunnel syndrome prevents her from using her hands more than occasionally for reaching, grasping, or fine manipulation. (*See* Tr. at 476, 487, 488, 497). At the administrative hearing, Dr. Alec D. Steele, a non-treating medical expert, was asked by the ALJ whether he had enough information to form an opinion concerning the severity of plaintiff's alleged physical impairments. Dr. Steele responded:

> Probably not quite . . . I know she has the carpal tunnel syndrome based on the records, which indicate consistent with the diagnosis and apparently NCV abnormalities, but there aren't details as to the severity of pain, which, of course, is subjective. There aren't any good, there's no physical examination with respect to sensory changes, there's no physical exam with respect to motor changes, there's no physical exam with respect to muscle atrophy in the hands and, therefore, I can't get much of a handle on the severity of the problem per se in terms of – and what limitations that might impose.

(*Id.* at 476-77). Later in the hearing, after determining that plaintiff's past relevant work required "active use of the hands throughout the day," the ALJ asked Dr. Steele whether there was enough

information in the record to determine whether plaintiff was capable of such activity. (*Id.* at 484). Dr. Steele testified, "You probably need to find out more, you don't have enough information to say that she can't do that." (*Id.*). Dr. Steele then recommended a neurological examination. (*Id.*). Although the ALJ agreed that additional evidence was necessary to make a disability determination, and considered ordering a neurological examination, an orthopedic examination, x-rays, and other tests, (*see id.* at 484, 489), the judge ultimately decided against that option. Instead, the ALJ asked plaintiff to obtain additional medical assessments from two of her treating physicians--Dr. Todd C. Johnson, an orthopedic surgeon, and Dr. Denton Watamull, a hand surgeon. (*Id.* at 493, 498). Specifically, the ALJ asked both doctors to "take particular note of what the hand limits were," (*id.*), and wanted Dr. Watamull to explain the extent to which carpal tunnel release surgery would improve the functioning of plaintiff's right hand. (*Id.* at 500).

Dr. Watamull refused to complete the disability form unless plaintiff had a functional capacity examination. In a follow-up note dated September 28, 2006, Dr. Watamull wrote:

> [I] have told her I would be unable to accurately fill out the disability form given complexity and fact we haven't seen her in 2 years.
>
> *Would recommend an FCE* [functional capacity examination] *if she wants us to fill out form:* We are a surgical practice, not a disability evaluating practice.
>
> Have also encouraged her to follow up with physiatrist until ready to pursue surgery.

(*Id.* at 375) (emphasis added). It is not clear whether plaintiff returned to Dr. Johnson after the administrative hearing on September 20, 2006. However, the day before the hearing, Dr. Johnson completed a medical source statement indicating that plaintiff could perform reaching and handling activities on a constant basis and fingering on a frequent basis. (*Id.* at 370). Dr. Johnson also expressed his opinion that carpal tunnel release surgery would improve plaintiff's endurance and

hand work, but went on to say that plaintiff needed to see a physical medicine and rehabilitation specialist and "*have a functional capacity evaluation.*" (*Id.* at 375) (emphasis added).

In determining that plaintiff could perform the full range of sedentary work, including her past relevant work as a hospital insurance representative, the ALJ found that plaintiff "can constantly reach overhead, forward, and handling with both hands, and frequent bilateral fingering." (*Id.* at 456). However, there is insufficient medical evidence in the record to enable the ALJ to make such a finding. As noted by Dr. Steele, plaintiff never had a physical examination to assess motor changes, sensory changes, or muscle atrophy in the hands, which would inform the ALJ as to what limitations might result from her carpal tunnel syndrome. (*Id.* at 476-77). Nor does the record contain any medical findings regarding the severity of plaintiff's pain. Most significantly, the testifying medical expert and plaintiff's two treating physicians all agreed that a consultative examination was warranted in this case. (*Id.* at 372, 375, 484). In view of this evidence, the ALJ should have developed the record by ordering such an examination.

The Commissioner points to Dr. Johnson's opinion that plaintiff can perform reaching and handling activities on a constant basis and fingering on a frequent basis as substantial evidence to support the ALJ's decision. (*Id.* at 458). However, the medical source statement obtained from Dr. Johnson is nothing more than a naked opinion that does not reflect whether it was based on a recent physical examination of plaintiff. Not only does this medical source statement not address the deficiencies noted by Dr. Steele, but Dr. Johnson himself recommended that plaintiff "have a functional capacity evaluation." (*Id.* at 375). Where, as here, necessary medical evidence cannot be obtained from a treating source, the claimant should be asked to attend a consultative examination. *See* 20 C.F.R. § 404.1512(f); *see also* SSR 96-2p, 1996 WL 374188 at *4 (additional evidence may be necessary when the treating source's opinion appears lacking). The medical

consensus that plaintiff should be further evaluated to determine the extent of her limitations triggered the ALJ's duty to develop the record by ordering a consultative examination. Had such an examination been conducted, it might have supported plaintiff's testimony that the pain caused by her carpal tunnel syndrome prevented her from using her hands on a continuous basis, thereby precluding a return to her past relevant work. (*See* Tr. at 498-99). On these facts, a remand is required. *See Mack v. Comm'r of Social Security Admin.*, No. 7-07-CV-021-BH, 2008 WL 3287100 at *9 (N.D. Tex. Aug. 4, 2008) (remand required where medical expert opined that consultative evaluation was needed).[1]

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: November 19, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.